# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JAMES ATTERBERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-884-NCC |
| AMY WALLEN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff James Atterberry, an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without prepayment of the filing fee. The motion will be granted, and plaintiff will be given an opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted an affidavit and an uncertified inmate account statement showing an average monthly deposit of $50.91, and an average monthly balance of $66.02. The Court will therefore assess an initial partial filing fee of $13.20, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

This Court is required to liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th

Cir. 2004). Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names five defendants: Amy Wallen (a nurse practitioner), Lisa Spain (Director of Medical Services at FCC), Joshua Huitt (corrections officer), Danny Adams (Function Unit Manager of the Missouri Sexual Offender Program (MOSOP)), and Tom Villmer (Warden of FCC). Plaintiff does not specify the capacity in which he sues any defendant. He alleges as follows.

On August 23, 2016, plaintiff went to the medical department and saw Wallen for complaints of back pain. He was taking a medicine called "Triliptol" which "was not working." (Docket No. 1 at 5).[1] Wallen suggested different medications for plaintiff. Plaintiff rejected one drug Wallen offered because it gave him leg cramps, and rejected another because it caused elevation of liver enzymes. Plaintiff "asked Ms. Wallen if she could look in the computer and see when my next appointment with the Doc would be."[2] (*Id.*) At that, Wallen told plaintiff that he was out of luck and she did not have a "miracle pill," and ended the appointment. (*Id.*) Later, plaintiff received a conduct violation that he appears to allege was retaliatory. He also appears to allege that Wallen was deliberately indifferent because of her conduct during the August 23, 2016 appointment, but he later states, without elaboration, that she refused to see him or provide treatment. He also appears to allege that Huitt took various forms of action against him that may

---

[1] Later in the complaint, plaintiff states that the "Triliptol" gave him "real bad headaches." (Docket No. 1 at 6).

[2] Later in the complaint, plaintiff alleges that he asked Wallen to check the computer to see what the LPN and the doctor said is ok for him to take, but Wallen said she did not need to check anything.

3

have included filing false conduct violation charges, and threatening to put him in lock-up in retaliation for grievances plaintiff filed. Unfortunately, plaintiff sets forth his claims in a conclusory manner, and the complaint therefore fails to state a claim upon which relief can be granted. *See Martin*, 623 F.2d at 1286 (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). In addition, plaintiff fails to specify the capacity in which he intends to sue the defendants.

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. If plaintiff wants to name multiple defendants, he must only include claims that arise from the same transaction or occurrence; in other words, claims that are related to each other. Alternatively, plaintiff may choose one single defendant and set forth as many claims as he has against him or her.

Plaintiff must prepare the amended complaint using a Court-provided form. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the factual allegations supporting his claim against that defendant, and state what constitutional or federal statutory right(s) that defendant violated. Plaintiff is reminded that he must set forth a short and plain statement of his claim showing he is entitled to relief. Fed.R.Civ.P. 8(a)(2). If plaintiff is suing more than one defendant, he should do the same thing for each one. He must specify whether he intends to sue the defendants in their individual capacity, official capacity, or both.

Plaintiff is advised that it insufficient to refer to a group of defendants and conclude that they committed wrongdoing, or to describe wrongdoing that occurred without specifying who committed it. Instead, plaintiff must plead facts showing how each defendant was directly involved in and personally responsible for the alleged injury. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff failed to allege defendant was personally involved in and directly responsible for incidents that injured him). Plaintiff should not include legal conclusions or argument.

Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The filing of the amended complaint completely replaces the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.20 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to submit his inmate account statement (Docket No. 6) is **DENIED** as moot.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 13th day of June, 2017.

 /s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE